**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00122-DJH-CHL**

**CLAYTON H.,[1]**                                                                                                               **Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**                                                                 **Defendant.**

## REPORT AND RECOMMENDATION

Before the Court is the Complaint filed by Plaintiff, Clayton H. ("Claimant"). Claimant seeks judicial review of the final decision of the Commissioner of Social Security ("the Commissioner"). (DN 1.) This case was referred to the undersigned Magistrate Judge to prepare a report and recommendation. (DN 10.) Claimant filed a Motion for Summary Judgment, and the Commissioner filed her Fact and Law Summary.[2] (DNs 11, 14.) Claimant did not file a reply, and his time to do has expired. Therefore, this matter is ripe for review.

For the reasons set forth below, the undersigned recommends that Claimant's Motion for Summary Judgment (DN 11) be **DENIED**, and the final decision of the Commissioner be **AFFIRMED**.

**I.      FINDINGS OF FACT**

On July 30, 2020, Claimant filed an application for disability insurance benefits ("DIB") alleging disability beginning on July 9, 2020. (R. at 20, 118, 131, 133-34, 266-72.) On November

---

[1] Pursuant to General Order 23-02, the Plaintiff in this case is identified and referenced solely by first name and last initial.

[2] The Court's May 12, 2023, Order, directed Claimant to "set forth his/her position by an appropriate brief specifying, inter alia, the numbered findings of the final decision with which exception is taken and the specific errors alleged" and specified that "[a]ny such brief shall be accompanied by a Fact and Law Summary on the form supplied by the Court." (DN 10.) Despite this requirement, Claimant did not file a Fact and Law Summary form. While Claimant's Motion for Summary Judgment (DN 11) provides a sufficient articulation of the reasons Claimant challenged the Commissioner's final decision to allow the undersigned to issue the instant recommendation, Claimant and his counsel are directed to read and comply with all provisions of any order entered in this or any other action in the future.

17, 2021, Administrative Law Judge ("ALJ") John R. Price ("the ALJ") conducted a hearing on Claimant's application. (*Id.* at 90-116.) In a decision dated March 2, 2022, the ALJ engaged in the five-step sequential evaluation process promulgated by the Commissioner to determine whether an individual is disabled. (*Id.* at 17-34.) In doing so, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2025. (*Id.* at 22.)

2. The claimant has not engaged in substantial gainful activity since July 9, 2020, the alleged onset date. (*Id.*)

3. The claimant has the following severe impairments: degenerative disc disease status post surgery and history of right foot drop. (*Id.* at 23.)

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.* at 24.)

5. [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except he cannot push or pull with his legs. He should be allowed to have a cane for walking or standing. He can occasionally climb ramps and stairs, but not ladders, ropes, or scaffolds. He can occasionally stoop, kneel, crouch, and crawl. He should avoid walking or standing on uneven or sloped terrain. (*Id.* at 25.)

6. The claimant is unable to perform any past relevant work. (*Id.* at 28.)

7. The claimant . . . was 40 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. (*Id.*)

8. The claimant has at least a high school education. (*Id.*)

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. (*Id.*)

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. (*Id.*)

> 11. The claimant has not been under a disability, as defined in the Social Security Act, from July 9, 2020, through the date of this decision. (*Id.* at 29.)

Claimant subsequently requested an appeal to the Appeals Council, which denied his request for review on January 9, 2023. (*Id.* at 1-7, 263-65.) At that point, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 422.210(a) (2023); *see also* 42 U.S.C. § 405(h) (discussing finality of the Commissioner's decision). Claimant requested an extension of time to file a civil action, which the Appeals Council granted on March 15, 2023, giving Claimant thirty additional days to file a civil action seeking review of the final decision of the Commissioner. (R. at 8-11.) Claimant timely filed this action on March 13, 2023. (DN 1.)

## II.  CONCLUSIONS OF LAW

The Social Security Act authorizes payments of DIB to persons with disabilities. *See* 42 U.S.C. §§ 401-434. An individual shall be considered "disabled" if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a) (2023).

### A.  Standard of Review

The Court may review the final decision of the Commissioner but that review is limited to whether the Commissioner's findings are supported by "substantial evidence" and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence" means "more than a mere scintilla"; it means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must "affirm the Commissioner's

decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013); *see Smith v. Sec'y of Health & Hum. Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (holding that if the court determines the ALJ's decision is supported by substantial evidence, the court "may not even inquire whether the record could support a decision the other way"). However, "failure to follow agency rules and regulations" constitutes lack of substantial evidence, even where the Commissioner's findings can otherwise be justified by evidence in the record. *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

### B. Five-Step Sequential Evaluation Process for Evaluating Disability

The Commissioner has promulgated regulations that set forth a five-step sequential evaluation process that an ALJ must follow in evaluating whether an individual is disabled. 20 C.F.R. § 404.1520 (2023). In summary, the evaluation process proceeds as follows:

(1) Is the claimant involved in substantial gainful activity? If the answer is "yes," the claimant is not disabled. If the answer is "no," proceed to the next step.

(2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement[3] and significantly limits his or her physical or mental ability to do basic work activities? If the answer is "no," the claimant is not disabled. If the answer is "yes," proceed to the next step.

(3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within 20 C.F.R. Part 404, Subpart P, Appendix 1? If the answer is "yes," the claimant is disabled. If the answer is "no," proceed to the next step.

(4) Does the claimant have the residual functional capacity ("RFC") to return to his or her past relevant work? If the answer is "yes," then the claimant is not disabled. If the answer is "no," proceed to the next step.

---

[3] To be considered, an impairment must be expected to result in death or have lasted/be expected to last for a continuous period of at least twelve months. 20 C.F.R. § 404.1509 (2023).

>   (5)   Does the claimant's RFC, age, education, and work experience allow him or her to make an adjustment to other work?  If the answer is "yes," the claimant is not disabled.  If the answer is "no," the claimant is disabled.

20 C.F.R. § 404.1520(a)(4).

The claimant bears the burden of proof with respect to steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). However, the burden shifts to the Commissioner at step five to prove that other work is available that the claimant is capable of performing. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). The claimant always retains the burden of proving lack of RFC. *Id.*; *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999).

### C.   Claimant's Contentions

Claimant argued that the ALJ erred in assessing his use of a cane and in doing so both violated SSR 96-9p and failed to elicit required testimony from the vocational examiner ("VE") at the hearing. (DN 11, at PageID # 1024-28.) In particular, Claimant argued that the record supports that he requires a cane not only for ambulation but also for balance. (*Id.*)

The ALJ found that Claimant's degenerative disc disease status post surgery and history of right foot drop were severe impairments that limited his ability to perform basic work activities. (R. at 23.) The ALJ then determined Claimant's RFC and found that Claimant could perform sedentary work but could not push or pull with his legs; required a cane for walking or standing; could only occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; could never climb ladders, ropes, or scaffolds; and should avoid walking and standing on uneven or sloped terrain. (*Id.* at 25.) The ALJ's RFC finding does not include a requirement that Claimant needs a cane for balance, and in his analysis, the ALJ specifically found that "[t]here is not a great deal of evidence supporting significant balance problems." (*Id.* at 27.) The ALJ acknowledged Claimant's

5

testimony that he used a cane for balance and falls three times per week but found that Claimant's allegations regarding his symptoms were not consistent with the record. (*Id.* at 26.) The ALJ summarized in support that Claimant's "doctors and examiners have noted multiple times in the time under adjudication that [Claimant] had a steady gait with full strength in his extremities in spite of his history of drop foot." (*Id.*) The ALJ noted that during Claimant's examination by consultative examiner Susan Sloan, APRN, FNP-C, ("Sloan"), Claimant had steady gait and stable station and could tandem walk and ambulate without an assistive device. (*Id.*) He emphasized that Sloan did not "prescribe specific limitations, simply noting [that Claimant] may not be able to do certain activities like stand or walk for prolonged periods, bend and squat repetitively, or lift[ ] heavy objects." (*Id.*) She noted that Claimant "may be a fall risk" but did not include a limitation that he required an assistive device for balance in her evaluation. (*Id.* at 824.) The ALJ found Sloan's opinion somewhat persuasive and stated that his RFC finding accounted for Sloan's standing, walking, and lifting limitations. (*Id.* at 27.) While the ALJ found the opinions of the state agency medical consultants not fully persuasive because they opined that Claimant could perform light work, those examiners found that Claimant could perform unlimited balancing. (*Id.* at 126, 139.) Thus, the ALJ found greater limitations in his RFC than that of the state agency medical consultants in terms of Claimant's ability to stand and walk. The ALJ summarized that his RFC assessment was "supported by examinations showing only limited issues with balance, objective radiographic evidence, and the current record showing only very conservative treatment during the period under adjudication." (*Id.* at 28.) The ALJ's decision also summarized portions of Claimant's relevant medical treatment between 2009 and 2021. (*Id.* at 26-27 (citing *id.* at 206-19, 370, 509, 547, 559, 575, 577, 579, 655, 828-47, 820-24, 861, 866, 889-90, 949)).) Based on

this analysis, the undersigned finds that the ALJ's rejection of Claimant's use of a cane for balance was supported by substantial evidence.

Claimant cited to records that he argued supported issues with his balance, but in large part, those records overlap with the records cited by the ALJ, who drew a different conclusion. (*Compare* DN 11, at PageID # at 1025-26 (citing R. at 861, 866, 889-90, 949), *with* R. at 26-27 (citing *id.* at 206-19, 370, 509, 547, 559, 575, 577, 579, 655, 828-47, 820-24, 861, 866, 889-90, 949).) That Claimant cited records that were uncited by the ALJ is not in and of itself a reversible error. "Although required to develop the record fully and fairly, an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004) (quoting *Craig v. Apfel,* 212 F.3d 433, 436 (8th Cir. 2000)); *see also Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004) ("An ALJ need not discuss every piece of evidence in the record for his decision to stand."). Comparing the records cited by Claimant to those cited by the ALJ, it appears Claimant has done nothing more than attempt to point to other evidence in the record that he claimed supported an opposite conclusion to that reached by the ALJ. However, this Court's role is not to second-guess the ALJ's conclusions where the ALJ's decision is otherwise supported by substantial evidence. *Gayheart*, 710 F.3d at 374; *Smith*, 893 F.2d at 108. Further, Claimant's cited records do not suggest that the ALJ mischaracterized or selectively cited the record. Therefore, the undersigned finds that the ALJ's assessment of Claimant's balance was supported by substantial evidence.

As to Claimant's argument that the ALJ failed to comply with SSR 96-9p, the undersigned finds that the ALJ's RFC analysis was in compliance with that authority. SSR 96-9p governs the implications of when an ALJ finds that an individual can do less than a full range of sedentary

7

work. SSR 96-9p, 61 Fed. Reg. 34478 (July 2, 1996). It explains that while "[a]n RFC for less than a full range of sedentary work reflects very serious limitations resulting from an individual's medical impairment(s) and is expected to be relatively rare[,] . . . finding that an individual has the ability to do less than a full range of sedentary work does not necessarily equate with a decision of 'disabled.' " *Id.* at 34479. An RFC limiting an individual to less than a full range of sedentary work will usually result in a finding of "disabled" when the limitations significantly erode the available occupational base for such a claimant, and SSR 96-9p provides guidance for "the impact of various RFC limitations and restrictions on the unskilled sedentary occupational base." *Id.* at 34480-81. In such circumstances, the SSR requires,

> The RFC assessment must include a narrative that shows the presence and degree of any specific limitations and restrictions, as well as an explanation of how the evidence in [the] file was considered in the assessment. The individual's maximum remaining capacities to perform sustained work on a regular and continuing basis (what he or she can still do 8 hours a day, for 5 days a week, or an equivalent work schedule) must be stated.
>
> An accurate accounting of an individual's abilities, limitations, and restrictions is necessary to determine the extent of erosion of the occupational base, the types of sedentary occupations an individual might still be able to do, and whether it will be necessary to make use of a vocational resource. The RFC assessment must be sufficiently complete to allow an adjudicator to make an informed judgment regarding these issues.

*Id.* at 34481. It goes on to explain that where an ALJ finds postural limitations related to balancing, significant erosion of the unskilled sedentary occupational base could occur such that an ALJ should be clear in the RFC assessment about what any restrictions related to balancing mean. *Id.* at 34482. Here, the ALJ found no limitations related to balancing, and therefore, it was not error for him to not further explain his restrictions. His decision also included a sufficient narrative supporting the limitations and restrictions he included. The undersigned finds that the ALJ's decision was in compliance with SSR 96-9p.

Claimant argued that the ALJ's hypothetical to the VE did not comport with SSR 96-9p because it did not sufficiently address the potential erosion of the sedentary occupational base. (DN 11, at PageID # 1027.) At step five, the ALJ has the burden of demonstrating that there exists a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 404.1560(c) (2023); *Jordan*, 548 F.3d at 423. The Commissioner may meet this burden by relying on expert vocational testimony received during the hearing to determine what jobs exist in significant numbers in the economy that the claimant can perform considering the combination of his or her limitations. *See, e.g.*, *Fry v. Comm'r of Soc. Sec.*, 476 F. App'x 73, 76 (6th Cir. 2012); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004). But a VE's testimony can constitute substantial evidence to support the Commissioner's finding that a claimant is capable of performing a significant number of jobs existing in the economy, *Bradford v. Sec'y Dep't. of Health & Hum. Servs.*, 803 F.2d 871, 874 (6th Cir. 1986) (per curiam), only so long as the VE's testimony is based on a hypothetical question that "accurately portrays [a claimant's] individual physical and mental impairments." *Varley v. Sec'y of Health & Hum. Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (quoting *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984)). *See also Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996). "However, the ALJ is only required to incorporate into the hypothetical questions those limitations which have been accepted as credible." *Hare v. Comm'r of Soc. Sec.*, 37 F. App'x 773, 776 (6th Cir. 2002); *see also Stanley v. Sec'y of Health & Hum. Servs.,* 39 F.3d 115, 118-19 (6th Cir. 1994) ("[T]he ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals.")). The undersigned has already found above the that ALJ's determination of Claimant's RFC regarding the lack of limitation related to using his cane for balance was supported by substantial evidence. Thus, the ALJ was

not required to include limitations regarding using a cane for balance in his hypothetical to the VE, and the VE's testimony constitutes substantial evidence to support the ALJ's step five determination.

Claimant also argued that the "ALJ failed to ask about or resolve any conflicts between the vocational witness'[s] testimony and Social Security's own rules and regulations," citing SSR 00-4p. (DN 11, at PageID # 1028.) While Claimant did not further specify what "rules and regulations" he meant, given the citation to SSR 00-4p, the undersigned presumes he is referencing the Dictionary of Occupational Titles ("DOT") given that SSR 00-4p imposes on the ALJ an affirmative duty to ask the VE whether there is a conflict between the VE's testimony and information in the DOT when the ALJ relies on the testimony of a VE at step five. SSR 00-4p, 65 Fed. Reg. 75759, 75760 (Dec. 4, 2000). In particular, if there appears to be a conflict, ALJ must elicit from the VE an explanation for the conflict. *Id.* "Neither the DOT nor the VE['s] . . . evidence automatically 'trumps' when there is a conflict" between the two; instead, the ALJ "must resolve the conflict by determining if the explanation given by the VE . . . is reasonable and provides a basis for relying on the VE['s] . . . testimony rather than on the DOT information." SSR 00-4p, 65 Fed. Reg. at 75760. The transcript of the hearing reflects here that the ALJ complied with this duty. After posing his hypothetical questions to the VE, the ALJ asked, "Is your testimony consistent with the Dictionary of Occupational Titles?" (R. at 112.) The VE responded, "Plus my experience." (*Id.*) While the VE did not explicitly say yes, a yes is implied by his response, and Claimant provided no case law or specific argument to support that this exchange was insufficient to constitute compliance with SSR 00-4p. Claimant also provided no specific example of any way in which the VE's testimony conflicted with the DOT such that the ALJ

10

should have resolved the conflict. Accordingly, the undersigned finds no error in the ALJ's questioning of the VE and no violation of SSR 00-4p.

For all these reasons, the undersigned finds that the ALJ's decision is supported by substantial evidence and that Claimant has failed to demonstrate any reversible error.

### III.     RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Claimant's Motion for Summary Judgment (DN 11) be **DENIED**, and the final decision of the Commissioner be **AFFIRMED**.

Colin H Lindsay, Magistrate Judge
United States District Court

February 1, 2024

cc:     Counsel of Record

### Notice

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations. A copy shall forthwith be electronically transmitted or mailed to all Parties. 28 U.S.C. § 636(b)(1)(C). Within fourteen (14) days after being served, a party may serve and file specific written objections to these findings and recommendations. Fed. R. Civ. P. 72(b)(2). Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal. *Id.; United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn,* 474 U.S. 140 (1985).