UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CLAYTON H.,[1]                                                              Plaintiff,

v.                                              Civil Action No. 3:23-cv-122-DJH-CHL

COMMISSIONER OF SOCIAL SECURITY,                                Defendant.

* * * * *

## MEMORANDUM AND ORDER

Plaintiff Clayton H. filed this action seeking review of Defendant Commissioner of Social Security's decision to deny Clayton's application for disability insurance benefits.  (Docket No. 1)  The Court referred the case to Magistrate Judge Colin H. Lindsay for report and recommendation; Clayton filed a motion for summary judgment (D.N. 11); and the Commissioner filed her fact and law summary.   (D.N. 14)   On February 1, 2023, Judge Lindsay issued his report and recommendation, recommending that the Court deny the motion and affirm the Commissioner's final decision.  (D.N. 15)  Clayton timely objected.  (D.N. 16)  After careful consideration, the Court will adopt Judge Lindsay's report and recommendation in full and overrule Clayton's objection for the reasons set forth below.

## I.

Clayton filed an application for disability insurance benefits (DIB) on July 30, 2020.  (D.N. 9, PageID.42)  "The claim was denied initially on December 17, 2020, and upon reconsideration on June 3, 2021."  (*Id.*)  On November 17, 2021, the Administrative Law Judge (ALJ) held a hearing on Clayton's application.  (*Id.*, PageID.112)  The ALJ issued an opinion on March 2, 2022,

---

[1] Pursuant to General Order 2023-02, the Court refers to the plaintiff by his first name and last initial.

denying Clayton's claim.  (*Id.*, PageID.51)  After engaging in the five-step evaluation process to determine eligibility for disability benefits, the ALJ determined that Clayton was not disabled. (*Id.*, PageID.39–51)  The ALJ found that Clayton had the residual functional capacity to perform

> sedentary work as defined in 20 [C.F.R. §] 404.1567(b) except he cannot push or pull with his legs.  He should be allowed to have a cane for walking or standing. He can occasionally climb ramps and stairs, but not ladders, ropes, or scaffolds.  He can occasionally stoop, kneel, crouch, and crawl.  He should avoid walking or standing on uneven or sloped terrain.

(*Id.*, PageID.47)  At step five of the analysis, the ALJ found that "[b]ased on [vocational-expert] testimony" and "considering [Clayton's] age, education, work experience, and residual functional capacity, [Clayton] is capable of making a successful adjustment to other work that exists in significant numbers in the national economy."  (*Id.*, PageID.51)  Finally, the ALJ found that Clayton had not been under a disability as defined in the Social Security Act from the alleged onset date through the ALJ's decision.  (*Id.*)  The Social Security Administration Appeals Council denied Clayton's request for review (*id.*, PageID.23), and he filed this action on March 13, 2023, challenging the Commissioner's denial of his application for DIB.  (D.N. 1)  The matter was referred to Magistrate Judge Colin H. Lindsay (D.N. 2), who recommended that the Commissioner's decision be affirmed.  (D.N. 15)  Clayton timely objected, arguing that the ALJ's conclusion lacks substantial evidentiary support.  (D.N. 16, PageID.1056)

## II.

When reviewing a report and recommendation, the Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  The Court may adopt without review any portion to which no objection is made.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Upon review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the

magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Accordingly, the Court will review de novo the portions of Judge Lindsay's report and recommendation to which Clayton objects.

**A.     Standard of Review**

In reviewing an ALJ's decision, the Court considers "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Fox v. Comm'r of Soc. Sec.*, 827 F. App'x 531, 534 (6th Cir. 2020) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). The substantial-evidence standard is defined as "requiring 'more than a mere scintilla' of evidence, [but this] is not a high bar; substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)). The Court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." *O'Brien v. Comm'r of Soc. Sec.*, 819 F. App'x 409, 416 (6th Cir. 2020) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). Where substantial evidence supports the ALJ's decision, the Court "must affirm." *Staymate v. Comm'r of Soc. Sec.*, 681 F. App'x 462, 466 (6th Cir. 2017) (citing *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994)). Moreover, "the ultimate findings of the ALJ are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Moruzzi v. Comm'r of Soc. Sec.*, 759 F. App'x 396, 402 (6th Cir. 2018) (quoting *Buxton v. Comm'r of Soc. Sec.*, 246 F.3d 762, 772–73 (6th Cir. 2001)). Thus, "[e]ven if the evidence could also support another conclusion, the decision of the [ALJ] must stand if the evidence could reasonably support the conclusion reached." *Livingston v. Comm'r of Soc. Sec.*, 776 F. App'x 897, 898 (6th Cir. 2019) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999))).

B.    **Clayton's Claims**

The Social Security Administration has a five-step sequential evaluation process for determining whether an individual is disabled.  20 C.F.R. § 404.1520(a)(4).  In the fourth step, the Administration determines the claimant's " residual functional capacity" (RFC), which it then uses at the fifth step to determine whether the claimant can "make an adjustment to other work," also considering the claimant's age, education, and work experience.  20 C.F.R. § 404.1520(a)(4)(i)–(v).  In objecting to Judge Lindsay's report and recommendation, Clayton cites no caselaw, solely arguing that "the ALJ's decision [wa]s not supported by substantial evidence."  (D.N. 16, PageID.1056)  Clayton asserts that although the ALJ "included in the residential functional capacity [analysis] that [Clayton] could perform sedentary work" with a cane, "the ALJ failed to" consider Clayton's balancing issues, justifying reversal.  (*Id.*, PageID.1054)  Specifically, Clayton contends that the RFC finding "was almost exclusively due to the independent examination done by Ms. Susan Sloan," a vocational expert, and that this "one-time examination . . . should not constitute substantial evidence contradicting the rest of the record."  (*Id.*, PageID.1055)

Here, the ALJ found that Clayton possessed two "severe impairments: degenerative disc disease status post surgery and [a] history of right foot drop."  (D.N. 9, PageID.45 (citing 20 C.F.R. § 404.1520(c)))  The ALJ subsequently considered Clayton's RFC, concluding that Clayton could "perform sedentary work"; that he "c[ould] not push or pull with his legs"; that he needed "a cane for walking or standing"; that he "c[ould] occasionally climb ramps and stairs, but not ladders, ropes or scaffolds; that he "c[ould] occasionally stoop, kneel, crouch, and crawl"; and that he "should avoid walking or standing on uneven or sloped terrain."  (*Id.*, PageID.47)  The RFC finding lacks any requirement regarding the use of a cane specifically for balancing purposes.

(*See id.*, PageID.47–50)   Notably, the ALJ concluded that "[t]here [was] not a great deal of evidence supporting significant balancing problems."  (*Id.*, PageID.49)

In making that conclusion, the ALJ considered testimony that Clayton used a cane for balance and fell three times weekly, but the ALJ discovered relevant evidence in the record undercutting that testimony.  (*Id.*, PageID.48)   For example, Clayton's "doctors and examiners . . . noted multiple times . . . that he had a steady gait with full strength in his extremities in spite of his history of drop foot."  (*Id.*, PageID.49)  Sloan corroborated this, reporting that Clayton's "gait was steady and his station was stable" and that he "was able to tandem walk and ambulate without" a cane.  (*Id.*)  The ALJ emphasized that Sloan did not "prescribe specific limitations."  (*Id.*)  And contrary to Clayton's argument (D.N. 16, PageID.1055), the ALJ considered opinions beyond Sloan's, noting that "[t]he [s]tate agency['s testimony w]as not fully persuasive as [it] found [that Clayton was] capable of a limited range of light exertion" despite the cane prescription.  (*Id.*)

Ultimately, the record shows that the ALJ contemplated "relevant evidence [that] a reasonable mind might accept as adequate to support [the] conclusion" that Clayton did not require a cane for balancing purposes.  *Fox*, 827 F. App'x at 534 (quoting *Biestek*, 139 S. Ct. at 1154).  In making his decision, the ALJ observed that although Clayton testified about balancing issues, several experts found that Clayton had no problem balancing without a cane.  (D.N. 9, PageID.48–49)  Sloan's testimony is particularly persuasive because "when a qualified vocational expert testifies that a person" seeking disability benefits can work, "the ALJ has a solid basis for denying [those] benefits."  *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 562 (6th Cir. 2022) (collecting cases).  And here, the ALJ went beyond that testimony, considering other experts' conclusions that Clayton did not require a cane for balancing.  (*See* D.N. 9, PageID.48–50)

Clayton argues that the rest of the record contradicts Sloan's testimony (D.N. 16, PageID.1055–56), "[b]ut the relevant inquiry is whether substantial evidence supports the ALJ's decision." *Adams v. Comm'r of Soc. Sec.*, 2023 WL 6366106, at *4 (6th Cir. Sept. 28, 2023) (citing *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Moreover, other experts reached conclusions similar to Sloan's. (*See* D.N. 9, PageID.48–50) Because "substantial evidence supports the Commissioner's decision, th[e] Court will defer to that finding" and need not consider whether "there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth*, 402 F.3d at 595 (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)). Accordingly, the Court will overrule Clayton's objection and adopt Judge Lindsay's report and recommendation in full.

## III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     Clayton's motion for summary judgment (D.N. 11) is **DENIED**.

(2)     Clayton's objection (D.N. 16) is **OVERRULED**.

(3)     The Report and Recommendation of Magistrate Judge Colin H. Lindsay (D.N. 15) is **ADOPTED** in full and **INCORPORATED** by reference herein. A separate judgment will be entered on this date.

March 26, 2024

**David J. Hale, Judge**
**United States District Court**